944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pablo OLVERA, Defendant-Appellant.
 No. 89-50487.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1991.
Decided Sept. 19, 1991.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and CROCKER,*, District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Pablo Olvera appeals from his conviction of possession of a controlled substance with intent to distribute. The conviction was upon a conditional guilty plea, and he appeals from the denial of his motion to suppress. We affirm.
 
 BACKGROUND FACTS
 
 4
 A United States Border Patrol Agent, Paul Gonzalez, was pursuing a person who he thought might be an illegal alien. He came to a hotel room whose door to the outside was ajar. He went up to the door, knocked on it, said he was a border patrol agent, and asked, "May I come in?" or "Can I come in?" A person in the room said, "Si," which is "yes" in the Spanish language. The agent thought that was consent to enter, so he entered.
 
 
 5
 Upon opening the door and entering he saw four Hispanic people. Although Gonzalez was in uniform he did not behave in a threatening manner and did not draw his weapon out of his holster. However, once he saw that the occupants were Hispanic, he spoke to them in Spanish. He asked about each occupant's immigration status. Two said they were United States citizens, but Olvera, in effect, said he was here illegally. Gonzalez then placed Olvera under arrest and patted him down. Packets of heroin were found on his person.
 
 
 6
 When Olvera was charged with possession with intent to distribute, he moved to suppress the seized evidence and his statements to Gonzalez. He claimed that the entry into the room was illegal and that the statements were made, without Miranda[1] warnings, while he was in custody.
 
 
 7
 The district court denied those motions.
 
 DISCUSSION
 
 8
 Olvera claims that evidence acquired by Gonzalez' entry should be suppressed because the entry was without consent. We disagree.
 
 
 9
 The result of an entry will not be suppressed if, measured by an objective standard, an officer reasonably believes that he has consent to enter. Illinois v. Rodriguez, --- U.S. ----, ----, 110 S.Ct. 2793, 2798-2801, 111 L.Ed.2d 148 (1990). Here at a time when the agent could not see the people in the room he asked if he could enter and the answer "Si" came from the room. The district court did not err in finding that to be sufficient to permit entry under the circumstances.[2] There is no indication that when Gonzalez opened the door to permit his entry any of occupants said anything to suggest that consent had not been given. Nor does the mere fact that Gonzalez began communicating with the occupants in Spanish indicate that it was unreasonable to believe that their command of English was insufficient to allow them to understand and answer his question regarding entry. Thus, the district court did not err in denying the motion to suppress.
 
 
 10
 Once Gonzalez was properly in the room, it was proper to ask some questions without giving Miranda warnings. There is simply nothing in this fact pattern to suggest that the occupants of the room were in custody. The actions of Gonzalez were not aggressive or threatening and Olvera and the others were in their own private room. See United States v. Beckwith, 425 U.S. 341, 345-47, 96 S.Ct. 1612, 1615-17, 48 L.Ed.2d 1 (1976). Of course, if a person is not in custody, merely asking him questions that he is willing to answer does not amount to a seizure or detention of his person. See, e.g., United States v. Safirstein, 827 F.2d 1380, 1383 (9th Cir.1987) (questions in a public place); Cordon de Ruano v. INS, 554 F.2d 944, 946 (9th Cir.1977) (questions in a private home).
 
 
 11
 AFFIRMED.
 
 
 
 *
 Honorable Myron D. Crocker, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)
 
 
 [2]
 We recognize that the particular intonation of the word could make a difference. However, the district court is in a better position than we are to evaluate the tone and manner in which things are said